JOSHUA N. KASTAN (SBN 284767)
JNK@dkmlawgroup.com
**DKM Law Group, LLP**
535 Pacific Avenue, Ste. 101
San Francisco, CA 94105
Telephone: (415) 421-1100
Facsimile: (833) 790-5202

Attorneys for Plaintiff
FIRST HOME BANK, a Florida banking corporation

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FIRST HOME BANK,<br>a Florida banking corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>WILKINS PUMP/KNICKERBOCKER ELECTRIC, INC., a California corporation, and DON EDWARD KNICKERBOCKER, an individual, and THERESA ANN KNICKERBOCKER<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>  1. Breach of Contract;<br>  2. Unjust Enrichment; and<br>  3. Promissory/Equitable Estoppel;<br>  4. Replevin.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, FIRST HOME BANK, a Florida banking corporation, as and for its Complaint against the above-named Defendants, states and alleges as follows:

    1.    Plaintiff, FIRST HOME BANK ("Lender"), is a Florida banking corporation, with its principal place of business located at 700 Central Avenue, Seminole, Florida 33701.  At all times pertinent hereto Lender has been a Florida banking corporation, duly organized under the laws of Florida.

    2.    Defendant, WILKINS PUMP/KNICKERBOCKER ELECTRIC INC. ("Borrower"), is, upon information and belief, a California corporation, having a last known address and principal place of business of 223 N. Sierra Avenue, Oakdale, CA 95361.

3. Defendants, DON EDWARD KNICKERBOCKER and THERESA ANN KNICKERBOCKER, are, upon information and belief, California citizens having a last known address of 400 Solmar Ct., Oakdale, CA 95361.

4. DON EDWARD KNICKERBOCKER and THERESA ANN KNICKERBOCKER, who are, upon information and belief, California citizens, are the only shareholders and officers of Borrower.

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), as this matter involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. § 1332(b).

6. Venue is proper in the United States District Court for the Eastern District of California, Fresno Division, pursuant to U.S.C. § 1391(b)(2), because, among other things, the Defendants conducted business in and/or reside in the District.

## GENERAL ALLEGATIONS

7. On January 30, 2017, Borrower, made, executed, and delivered to Lender that certain promissory note in the original principal amount of Two Hundred Seventy-Two Thousand Four Hundred Eighty-Four and 03/100 Dollars ($272,484.03) ("Note"). A true and correct copy of the Note is attached hereto as **Exhibit "A"**.

8. The Note is secured, in part, by that certain security agreement executed by Borrower, in favor of Lender, dated January 30, 2017 ("Security Agreement"), pursuant to which Borrower granted to Lender a security interest in, among other things, all equipment, inventory, accounts, instruments, chattel paper, general intangibles, and documents of Borrower (collectively, "Collateral"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit "B"**.

9. Lender perfected its security interest in the Collateral by filing that certain UCC financing statement with the California Secretary of State on January 22, 2017, as Filing No. 177567351325 ("Financing Statement"). A true and correct copy of the Financing Statement is attached hereto as **Exhibit "C"**.

10. Lender is not presently seeking an order for the repossession of the

Collateral, but specifically restates and reaffirms its perfected security interest therein and reserves its rights in and to the Collateral.

11. The Note is further secured by two certain guarantees executed by DON EDWARD KNICKERBOCKER and THERESA ANN KNICKERBOCKER (jointly "Guarantors"), in favor of Lender. Both Guarantees are dated January 30, 2017 ("Guarantees"). A true and correct copy of the respective Guarantees are attached hereto as **Exhibit "D"** (THERESA ANN KNICKERBOCKER's Guaranty) and **EXHIBIT "E"** (DON EDWARD KNICKERBOCKER's Guaranty).

12. The Note is further secured by a Deed of Trust encumbering the real property located at 223 N. Sierra Avenue, Oakdale, California 95361 ("Property") dated January 30, 2017 ("Deed of Trust"). The Deed of Trust was recorded with the Stanislaus County Recorder's Office on or about February 9, 2017, document number 2017-0009678-00. A true and correct copy of said Deed of Trust is attached hereto as **Exhibit "F"**.

13. The Note is further secured by an Assignment of Rents executed by the Borrower in favor of Lender ("Assignment of Rents") dated January 30, 2017, encumbering the Property. The Assignment of Rents was recorded with the Stanislaus County Recorder's Office on or about February 9, 2017, document number 2017-0009679-00. A true and correct copy of said Assignment of Rents is attached hereto as **Exhibit "G"**.

14. The Note, Security Agreement, Financing Statement, the respective Guarantees, Deed of Trust, Assignment of Rents, and all other documents executed in connection therewith shall hereinafter sometimes be referred to collectively as the "Loan Documents".

15. Borrower and Guarantors have defaulted in their obligations to Lender due under the Loan Documents.

16. Despite Lender's demands on Borrower and Guarantors to pay the principal, accrued interest, and other charges due and owing under the Note, Borrower

and Guarantors have failed and refused, and continue to fail and refuse, to remit payment of the same.

17. As of May 30, 2018, there was due and owing under the Note the total amount of Two Hundred Seventy-Seven Thousand Five Hundred Twelve and 63/100 Dollars ($277,512.63), which consists of outstanding principal of Two Hundred Seventy-Two Thousand Four Hundred Eighty-Four and 03/100 Dollars ($272,484.03), accrued but unpaid interest to May 30, 2018, of Four Thousand Six Hundred Seventy-Six and 74/100 dollars ($4,674.74), which continues to accrue to the date of final judgment at the present daily rate of Sixty-Seven and 60/100 Dollars ($67.60), late charges of Three Hundred Fifty-Three and 86/100 dollars ($353.86), plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

18. The Loan Documents provide that the Borrower and Guarantors shall pay Lender's costs of collection including, but not limited to, reasonable attorneys' fees in the event that Borrower and/or Guarantors default in their respective obligations under the Loan Documents.

19. Lender has retained the undersigned to enforce its rights and remedies under the above-described Loan Documents and to assist it in the collection of all amounts due and owing under the Note.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

20. For the First Cause of Action of its Complaint herein, Lender restates and realleges the forgoing Paragraphs as though fully stated herein.

21. The Loan Documents are based on adequate consideration except that Borrower and Guarantors have failed to perform their respective duties and obligations thereunder.

22. Lender has performed all of its duties and obligations under the Loan Documents.

23. Borrower and Guarantors have breached the terms and conditions of the

Loan Documents, which breach has damaged Lender and caused it to incur attorneys' fees and costs of collection.

24. Lender is entitled to judgment against Borrower and Guarantors for all amounts remaining due under the Note, plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

25. Lender is accordingly entitled to relief as set forth in the prayer for relief below.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

26. For the Second Cause of Action of its Complaint herein, Lender restates and realleges the forgoing Paragraphs as though fully stated herein.

27. Lender is in possession of the Note, which evidences loan advances to Borrower, for which there remains an unpaid principal balance of Two Hundred Seventy-Two Thousand Four Hundred Eighty-Four and 03/100 Dollars ($272,484.03), as of May 30, 2018.

28. Borrower and Guarantors received the proceeds and benefits from the loan referenced herein, and continues to retain the benefits arising therefrom, without repaying Lender for the same.

29. Borrower and Guarantors have failed and refused, and continue to fail and refuse, to remit payment of the loan proceeds advanced under the Note.

30. Borrower and Guarantors should not benefit from the aforementioned loan proceeds given that Borrower and Guarantors have failed to repay the obligations, as set forth in the Note, Guarantees, and Loan Documents.

31. Borrower and Guarantors will continue to benefit by retaining said loan proceeds and the benefits therefrom without repaying Lender for the same, which presents circumstances which would make it unjust to permit Borrower and Guarantors to retain said loan proceeds and the benefits associated therewith, without repaying the same pursuant to the terms and conditions of the Note, Guarantees, and Loan

Documents.

32. Borrower and Guarantors have been unjustly enriched and injustice can only be avoided by ordering payment for damages by Borrower and Guarantors for the total amount due and owing under the Note, plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

33. Lender is accordingly entitled to relief as set forth in the prayer for relief below.

## THIRD CAUSE OF ACTION
### (Promissory/Equitable Estoppel)

34. For the Third Cause of Action of its Complaint herein, Lender restates and realleges the forgoing Paragraphs as though fully stated herein.

35. Borrower and Guarantors made numerous promises and representations to Lender including, without limitation, that Borrower and Guarantors would abide by the terms and conditions of the Loan Documents. These promises and representations were made with the full knowledge that Lender would rely thereon by entering into the loan transaction evidenced by the Loan Documents.

36. Borrower and Guarantors knew, or should have known, that such promises and representations would induce action or forbearance of a definite and substantial character on Lender's behalf.

37. Lender did reasonably rely upon the promises and representations of Borrower and Guarantors by entering into the Loan Documents.

38. Injustice can only be avoided by estopping Borrower and Guarantors from denying the aforementioned promises and representations and that Lender be entitled to judgment against Borrower and Guarantors for the total amount due and owing under the Note, plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

39. Lender is accordingly entitled to relief as set forth in the prayer for relief below.

## FOURTH CAUSE OF ACTION

### (Replevin)

40. For the Fourth Cause of Action of its Complaint herein, Lender restates and realleges the forgoing Paragraphs as though fully stated herein.

41. Pursuant to the terms of the Security Agreement, Deed of Trust, and Assignment of Rents, upon the occurrence of an event of default, Lender is entitled to take possession of the Collateral.

42. Lender is entitled to the entry of an order authorizing the issuance of a writ of replevin requiring the U.S. Marshall to take the Collateral into the U.S. Marshall's possession, and deliver it to Lender.

43. Lender is accordingly entitled to relief as set forth in the prayer for relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FIRST HOME BANK, prays for relief against Defendants, WILKINS PUMP/KNICKERBOCKER ELECTRIC, INC., DON EDWARD KNICKERBOCKER, and THERESA ANN KNICKERBOCKER as follows:

1. Pursuant to the First, Second, and the Third Causes of Action set forth in the Complaint herein, that judgment be rendered against Defendants, WILKINS PUMP/KNICKERBOCKER ELECTRIC, INC., DON EDWARD KNICKERBOCKER, and THERESA ANN KNICKERBOCKER, jointly and severally, in favor of Plaintiff, FIRST HOME BANK, for the total amount due and owing under the Note of Two Hundred Seventy-Seven Thousand Five Hundred Twelve and 63/100 Dollars ($277,512.63), which consists of outstanding principal of Two Hundred Seventy-Two Thousand Four Hundred Eight-Four and 03/100 dollars ($272,484.03), accrued but unpaid interest to May 30, 2018, of Four Thousand Six Hundred Seventy-Four and 74/100 Dollars ($4,674.74), which continues to accrue to

1. the date of final judgment at the present daily rate of Sixty-Seven and 60/100 Dollars ($67.60), late charges of Three Hundred Fifty-Three and 86/100 Dollars ($353.86), plus all costs of collection, including reasonable attorneys' fees, incurred by Plaintiff, FIRST HOME BANK.

2. Pursuant to the Fourth Cause of Action set forth in the Complaint herein, an order authorizing the issuance of a writ of replevin requiring the U.S. Marshall to take the Collateral into the U.S. Marshall's possession, and deliver it to Plaintiff, FIRST HOME BANK.

3. For attorneys' fees and costs, according to proof.

4. For an award of prejudgment interest.

5. For interest upon any judgment entered as provided by law.

6. For such further and other relief as the Court deems just.

Dated:  June 11, 2018        DKM LAW GROUP, LLP

By  */s/ Joshua N. Kastan*
JOSHUA N. KASTAN
Attorneys for Plaintiff
FIRST HOME BANK

### DEMAND FOR JURY TRIAL

Plaintiff FIRST HOME BANK hereby demands a trial by jury.

Dated:  June 11, 2018        DKM LAW GROUP, LLP

By  */s/ Joshua N. Kastan*
JOSHUA N. KASTAN
Attorneys for Plaintiff
FIRST HOME BANK